UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MICHAEL K. JOHNSON,            )
                               )
       Petitioner,           )
                               )
v.                             )   No. 1:08-cv-986-SEB-JMS
                               )
GILBERT PETERS, Superintendent,)
                               )
       Respondent.           )

### Entry Denying Petition for Writ of
### Habeas Corpus and Directing Entry of Judgment

For the reasons explained in this Entry, the petition of Michael K. Johnson ("Johnson") for a writ of habeas corpus must be **denied** and the action dismissed without prejudice. In addition, his motion for bail (dkt 29) must also be **denied.**

### I. Nature of the Case

Johnson seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

### II. Parties

Johnson is confined at a state prison in Indiana. The respondent is Johnson's custodian, sued in his official capacity only as representative of the State of Indiana.

### III. Procedural Background

Johnson was convicted in Marion County in 2007 of Resisting Law Enforcement, Carrying a Handgun without a License, Driving while Suspended with a Prior, and Reckless Driving, The trial court imposed an 11-year sentence. Johnson's convictions were affirmed on direct appeal in *Johnson v. State,* No. 49A02-0707-CR-593 (Ind.Ct.App. June 10, 2008).

The present action was filed in mid-2008, shortly before the Indiana Supreme Court denied Johnson's petition to transfer. The action has been fully at issued since March 24, 2009.

### IV.  Statement of Facts

The facts concerning Johnson's offenses are these: Johnson was operating a vehicle in Indianapolis on November 26, 2006. He was stopped by police, failed to produce identification when requested to do so, admitted that his driver's license was suspended, then put his car in gear and sped off. A chase ensued. The vehicle portion of the chase ended when Johnson crashed his vehicle into a privacy fence at an apartment parking lot. Johnson fled on foot. A bag in the car he had been operating was found to contain a pair of skates and a handgun. Johnson was thereafter found by K-9 units, attempted to flee on foot, and was captured.

### V.  Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996).

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues."). It was recently noted by the Supreme Court that:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U. S. C. §2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U. S. 364, 365 (1995) *(per curiam)* (quoting *Picard v. Connor*, 404 U. S. 270, 275 (1971)(citation omitted)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan*, *supra*, at 365-366; *O'Sullivan v. Boerckel*, 526 U. S. 838, 845 (1999).

*Baldwin v. Reese,* 541 U.S. 27, 29 ( 2004).

Whether Johnson complied with the exhaustion requirement as recited above is the focus of the respondent's return to order to show cause, to which Johnson has filed a reply.

### VI. Analysis

The expanded record in this action shows what claims Johnson asserted in his direct appeal. Those claims are that: (1) he did not receive proper notice of the charges against him; (2) the State improperly amended the charging information; and that (3) reversal was warranted because of irregularities in the abstract of judgment pertaining to this case and one pertaining to a prior conviction.

The pleadings in this case also show what claims Johnson is asserting here, and the respondent is correct that through the awkward verbiage Johnson has used here he is asserting at least the following claims which were *not* included in his direct appeal: (1) attorneys appointed to represent him misrepresented procedural facts in his case; (2) he was improperly denied counsel by the trial court; (3) he was held on a "false warrant" and the prosecutor at trial proceeded under a conflict of interest; (4) judicial misconduct; and (5) he was improperly sentenced.

Johnson has a meaningful remedy in the Indiana state courts to assert the claims which are asserted here but which were not included in his direct appeal. That remedy is an action for post-conviction relief in the trial court. *Mills v. State,* 840 N.E.2d 354, 357 (Ind.Ct.App. 2006) (noting that *Ind. Post-Conviction Rule* 1(1)(a)(5) provides that "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief"). This procedure provides him a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

### VII. Conclusion

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). The only manner in which that purpose can be served is by dismissing this action, without prejudice, and allowing Johnson to proceed with his claims in the Indiana courts, if he elects to do so.

Based on the foregoing, therefore, the petition is dismissed without prejudice. Judgment dismissing this action without prejudice shall now issue.

Johnson's motion for bail is also denied because it has been determined that his petition for a writ of habeas corpus has no merit and because, in any event, the circumstances of this case would not warrant that action. The emergency writ filed by Johnson on March 25, 2009, which is a copy of a document apparently intended for filing in the Indiana Supreme Court, (dkt 30) is **denied.**

**IT IS SO ORDERED.**

Date: 03/31/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana