UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MICHAEL K. JOHNSON,            )
                               )
        Petitioner,            )
                               )
v.                             )      No. 1:08-cv-986-SEB-JMS
                               )
GILBERT PETERS, Superintendent,)
                               )
        Respondent.            )

**Entry Discussing Post-judgment Motions**

Petitioner Michael K. Johnson failed to prevail in this action for habeas corpus relief. After considering the pleadings and the expanded record, the court concluded that Johnson was not entitled to the relief he sought and entered judgment dismissing the action with prejudice on March 31, 2009. Johnson has filed two post judgment motions, each signed by him on April 22, 2009, and each filed with the clerk on April 27, 2009.

The date a post-judgment motion is filed is significant. *See Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994). Any substantive post-judgment motion filed more than ten days after the entry of judgment is evaluated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure. Easley v. Kirmsee,* 382 F.3d 693, 696 n.2 (7th Cir. 2004); *Britton v. Swift Transp. Co., Inc.,* 127 F.3d 616, 618 (7th Cir. 1997)(citations omitted). In this case, both the motion to vacate judgment and the motion to amend judgment were signed by Johnson more than 10 working days after entry of judgment on the clerk's docket. Accordingly, and despite the label Johnson has assigned to his motion to amend judgment, each motion must be treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure.*

"A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b), *F.R.Civ.P.*

Johnson recites certain grounds from Rule 60(b) in his motions, such as fraud upon the court, newly discovered evidence, etc., but offers nothing of substance to support his position. On the contrary, it is evident that Johnson simply disagrees with the court's analysis and the disposition which was compelled from that analysis. Johnson's disagreement with this conclusion is not an adequate basis for even arguing a case for relief under Rule 60(b). *Parke-Chapley Construction Co. v. Cherrington,* 865 F.2d 907, 915 (7th Cir. 1989). If the rule were construed otherwise, "a party could circumvent the ordinary time limitation for filing a notice of appeal." *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995); *see also McKnight v. United States Steel Corp.,* 726 F.2d 333, 338 (7th Cir. 1984) ("The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal.").

Based on the foregoing, therefore, and treating the post-judgment motions as motions for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure*, those motions (dkt 37 and dkt 38) are each **denied.**

**IT IS SO ORDERED.**

Date: 04/30/2009

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James Blaine Martin
INDIANA OFFICE OF THE ATTORNEY GENERAL
james.martin@atg.in.gov

Michael K. Johnson
No. 973475
New Castle Psychiatric Unit
P.O. Box A
1000 Van Nuys Road
New Castle, IN   47362